IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01890-PAB

ADAM K. SUTHERLAND,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on plaintiff Adam Sullivan's motion for attorney's fees [Docket No. 23] brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), which defendant Carolyn W. Colvin (the "Commissioner") opposes. [Docket No. 24]. The Commissioner believes she was "substantially justified" in litigating this appeal. *Cf. Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008) ("EAJA fees are assessed against the United States when its actions were not 'substantially justified.'") (citing 28 U.S.C. § 2412(d)(1)(A)). The relevant facts are set forth in detail in the Court's order reversing and remanding the decision of the Commissioner, Docket No. 21, and will not be recited here.

**I. ANALYSIS**

"[A] claimant may seek to defray the cost of appealing from an agency decision to a court under the . . . [EAJA] fee shifting statute." *Wrenn*, 525 F.3d at 934. Under the EAJA, "'a court shall award to a prevailing party other than the United States fees

and other expenses . . . incurred by that party in any civil action . . ., brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified." *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)) (omissions in original) (emphasis omitted). "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The standard is satisfied if there is a "genuine dispute." *Id.* (citing Advisory Committee's Notes on 1970 Amendments to Fed. R. Civ. P. 37(a)(4)). "Under the EAJA, the government bears the burden of showing that its position was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).[1]

Here, the Court reversed and remanded the Commissioner's decision that plaintiff was not disabled because (1) of the twelve pieces of evidence cited by the ALJ to support his determination that plaintiff's drug use was a material factor contributing to his disability, only one, the opinion of Dr. Suyeishi, constituted acceptable "'medical evidence regarding plaintiff's mental health impairments when he is abusing alcohol' or drugs," Docket No. 21 at 17-18 (citing *Vigil v. Astrue*, No. 11-cv-0255-WJM, 2012 WL 2523037 at *4 (D. Colo. June 29, 2012)); (2) the ALJ did not state a legitimate reason for according the opinion of plaintiff's treating physician, Dr. Kalousek, less than

---

[1]The Court is to consider both the government's position in the underlying agency action and its position during any subsequent litigation. *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D) (stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").

controlling weight, (3) the ALJ did not apply the relevant factors listed in 20 C.F.R. § 404.1527(c)(2), (4) the ALJ did not apply the proper standard in deciding to rely on the opinion of Dr. Suyeishi over that of Dr. Kalousek, and (5) the ALJ did not take into account that the opinion of Dr. Suyeishi, unlike that of Dr. Kalousek, was developed prior to plaintiff's 2010 hospitalization.

Defendant argues that the Court's decision was "primarily concerned with the ALJ's level of articulation with regard to [his] findings." Docket No. 24 at 5. The Court disagrees with defendant's characterization of its order. The Court held that all of the ALJ's evidentiary support for his finding was improperly considered. Eleven of the twelve pieces of evidence the ALJ relied on to support his finding that plaintiff's drug use materially contributed to his disability were not proper medical evidence. As to the remaining piece of evidence, Dr. Suyeishi's medical opinion, the Court held that the ALJ did not apply the proper standard in deciding to rely on that opinion over the opinion of plaintiff's treating physician. Docket No. 21 at 18. The ALJ gave Dr. Kalousek's opinion only moderate weight because the ALJ concluded, without citing any evidence, that Dr. Kalousek was "not fully familiar with [plaintiff's] substance use history." R. at 23.

In support of her position, defendant argues that standards for an ALJ's articulation are "flexible," and that her position was substantially justified "in light of the ALJ's articulation of various regulatory factors in evaluating the medical evidence and evidence of plaintiff's substance use." Docket No. 24 at 5-6. But the Court did not simply find fault with the ALJ's articulation. Rather, as discussed above, the Court found that the ALJ reached his finding based on consideration of improper evidence and wrongly disregarded the evidence of plaintiff's treating physician. Defendant has

3

therefore not carried her burden of showing that her position that the ALJ's decision was supported by substantial evidence was substantially justified.

Plaintiff requests an award of $4,535.91 in attorney's fees accrued through the litigation of the instant motion, constituting 20.5 hours of work in the second half of 2012 at a rate of $184.66 per hour, 3.25 hours of work in the first half of 2013 at a rate of $187.09 per hour, and 0.75 hours of work in 2014 at a rate of $189.78 per hour. The Commissioner does not dispute the amount requested. *See* Docket No. 24.

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The EAJA provides: "The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "The Court has significant discretion to determine the appropriate hourly rate for an award of fees under the EAJA." *Moreno-Gutierrez v. Napolitano*, No. 10-cv-00605-WJM-MEH, 2013 WL 3233574 at *7 (D. Colo. June 26, 2013) (citing *Headlee v. Bowen*, 869 F.2d 548, 551 (10th Cir. 1989)). Courts in this district routinely grant cost of living adjustments to attorneys' fees petitions under the EAJA. *See id.* (finding that "an hourly rate of $180 per hour takes into account both

4

Plaintiff's counsel's expertise in the immigration field and the increase in the cost of living"); *see also Hanson Colo. Farms P'ship v. Vilsack*, No. 11-cv-00675-RPM, 2012 WL 4336174 at *4 (D. Colo. Sept. 21, 2012) (where defendants did not dispute plaintiff's cost of living adjustment, "it may be assumed that $184.23 is an appropriate hourly rate under the EAJA"); *Cross v. Colvin*, No. 12-cv-03310-REB, 2014 WL 5002094 at *2 n.5 (D. Colo. Oct. 6, 2014) ("Except in unusual circumstances, a COLA should be freely given to plaintiffs applying for attorneys' fees under EAJA") (citing *Greenhill v. United States*, 96 Fed. Cl. 771, 783 (Fed. Cl. 2011)). As defendants do not dispute plaintiff's cost of living adjustment, the Court finds a rate of $187.09 for the first half of 2013 and $189.78 for 2014 to be reasonable. The Court finds that the hours claimed are also reasonable. In addition, the Court notes that plaintiff's attorneys undertook a substantial risk of loss in connection with the case, devoted considerable time and effort in presenting plaintiff's position, and obtained a favorable result for plaintiff.

In light of the hours worked and the fact that the Commissioner does not dispute the amount of fees requested, the Court concludes that an attorney's fee of $4,535.91 is reasonable.

## II. CONCLUSION

Accordingly, it is

**ORDERED** that plaintiff Adam K. Sutherland's Petition for Fees Under 28 U.S.C. § 2412 [Docket No. 23] is **GRANTED**. It is further

**ORDERED** that plaintiff Adam Sutherland is awarded $4,535.91 in attorney's fees.

DATED February 3, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge